UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LADARIUS D. MCGHEE,

           Plaintiff,

v.                                                                                     Case No. 25-cv-1292-pp

JEROME A KONKEL, *et al.*,

           Defendants.

**ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

      On August 27, 2025, plaintiff Ladarius D. McGhee, who is incarcerated at Waupun Correctional Institution and is representing himself, filed a complaint alleging that the defendants violated his civil rights. The same day, the clerk of court's office sent the plaintiff a letter requiring that within twenty-one days he must either pay the $405 filing fee or file a request for leave to proceed without prepaying that fee (along with a certified copy of his institutional trust account statement for the past six months and a signed magistrate judge consent form). Dkt. No. 2. The letter warned the plaintiff that if he did not do one or the other of these things, it could result in dismissal of his case. Id. The clerk's office sent the letter to the plaintiff at Waupun Correctional Institution, where the Department of Corrections Offender Locator indicates the plaintiff has been housed since February 12, 2025. https://appsdoc.wi.gov/lop/details/detail (McGhee, Ladarius D., DOC register no. 00618229). The letter has not been returned to the court as undeliverable, and the court has no reason to believe that the plaintiff did not receive the letter.

The twenty-one day deadline (September 17, 2025) has passed, and the court has not received either the filing fee or a motion for leave to proceed without paying it. Nor has the court heard from the plaintiff since he filed this lawsuit nearly two months ago. The plaintiff's failure to comply with court orders is grounds for the court to dismiss this lawsuit without prejudice. See Civil Local Rule 41(c) (E.D. Wis.) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice."). Further, after screening the complaint as required under 28 U.S.C. §1915A(a), the court has determined that it does not state a claim. The court will dismiss this case and order the plaintiff to pay the full $405 filing fee over time in the manner explained at the end of this order.

I.  **Screening the Complaint**

A.  Federal Screening Standard

Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A "frivolous" complaint "lack[s] an arguable basis either in law or fact." Felton v. City of Chicago, 827 F.3d 632, 635 (7th Cir. 2016) (quoting Neitzke v.

Williams, 490 U.S. 319, 325 (1989)). A complaint is factually frivolous if its allegations are "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," or "wholly incredible." Id. (quoting Denton v. Hernandez, 504 U.S. 25, 32–33 (1992)). A claim is legally frivolous if it is "based on an indisputably meritless legal theory." Id. (quoting Neitzke, 490 U.S. at 327–28). A "malicious" complaint is one brought for purposes of harassment. Heard v. Blagojevich, 216 F. App'x 568, 570 (7th Cir. 2007) (citing Lindell v. McCallum, 352 F.3d 1107, 1109 (7th Cir. 2003)).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent

standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.   The Plaintiff's Allegations

The complaint names as defendants Jerome A. Konkel and the law firm of Samster, Konkel & Safran, S.C. Dkt. No. 1 at 1. The plaintiff sues these defendants in their individual and official capacities. Id.

The plaintiff brings his complaint under 42 U.S.C. §1985(3). Id. The complaint alleges that Konkel, who is an attorney, acted with attorneys Samster and Safran to commit ethical violations. Id. He says that these attorneys "knowingly allow[ed] a mass ammount [*sic*], of Inmates around the world to use the influenza vaccine" and to "purchase drugs, cellphones, and firearms." Id. He says the attorneys "moved checks, to lawyers, who then Laundred [*sic*] the money, To drug trafficking orgnizations [*sic*]." Id. He claims that the law firm "has a perponderence [*sic*], of funding gang members." Id. The plaintiff also claims that the attorneys are aware "that the injuries alledge [*sic*], behind the influenza, are common injuries." Id.

The plaintiff alleges that this case "steams [*sic*] from a vaccine, that [he] requested." Id. He says that a "state employee knowingly, wrote in medical file, to target [him], as a act [*sic*] of conspiracy" to prevent him "from funding civil case 23-cv-705, against state employee's whom [*sic*] were victims in a criminal case, In chippewa falls, against Brandon Judge." Id. The plaintiff then alleges that he received the influenza vaccine at Columbia Correctional Institution. Id. He says he contacted Konkel and the law firm and "Return[ed] Retainer papers."

Id. at 2. He says that the firm "knowing Retained [*sic*], thousand's of case, up front, In the State alone, to Stall out cases, to gain more hours on cases." Id.

The plaintiff asserts that the "National Vaccine Injury Compensation[ ] act[ ] has no Restrictions." Id. He says that attorneys Samster and Konkel have "billed hours, from nothing." Id. He says that he has "not spoke with, nor seen anyone In 10 months In regards to this case." Id. The plaintiff seeks $6 million in compensatory damages and $9 million in punitive damages. Id.

The plaintiff attached a document labeled "Settlement agreement," in which he asks defendant Konkel to wire "[a] check in the sum of $15,000,000 . . . to attorney Kathleen Cassidy Goodman" in Helotes, Texas. Dkt. No. 1-1. He says he will pay attorney Cassidy Goodman the "Hourly Rate." Id. But he says that if an "attorney opposes" this agreement, the plaintiff "will file necessary documents, with the IRS, and other agencies, And Request that, All activities/Actions, Be stopped until a full audited [*sic*]." Id.

C. Analysis

"The function of § 1985(3) is to permit recovery from a private actor who has conspired with state actors." Fairley v. Andrews, 578 F.3d 518, 526 (7th Cir. 2009) (citing Dennis v. Sparks, 449 U.S. 24 (1980); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970)). To state a claim under §1985(3), a plaintiff must allege that the defendants conspired, that they did so to deprive any person or class of persons the equal protection of the laws, that they took an act in furtherance of the conspiracy and that the plaintiff's person or property were injured. Milchtein v. Milwaukee County, 42 F.4th 814, 827 (7th Cir. 2022) (citing United Bhd. of

Carpenters v. Scott, 463 U.S. 825, 828–29 (1983)). The plaintiff also must "plead that the conspiracy was motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" Id. (citing Bowman v. City of Franklin, 980 F.2d 1104, 1109 (7th Cir. 1992)).

The complaint does not satisfy those requirements. The plaintiff alleges that a state employee targeted him "as a[n] act of conspiracy" to prevent him from funding another lawsuit in which he may or may not be involved. (The plaintiff is not a party in the case he cites, Case No. 23-cv-705, although he has several closed and open cases before courts in this district.) But the plaintiff does not allege that any of the defendants—a private attorney and the law firm where he ostensibly works—conspired with that state actor. Nor does he allege that this conspiracy was intended to deprive him or anyone of the equal protection of the laws, that it was motivated by racial animus or some other discriminatory purpose or that he suffered any harm to his person or property as a result. The allegations against this unknown state employee do not state a claim under §1985(3).

The plaintiff says that he contacted attorney Konkel and his firm after he received an influenza vaccine, but that the attorneys have not contacted him in ten months. The plaintiff may be dissatisfied with the legal assistance he received from the defendants (assuming that they agreed to represent him), but that is a matter for the State Bar of Wisconsin (which is responsible for issuing licenses to lawyers) and the Office of Lawyer Regulations (which addresses alleged ethics violations) and does not state a federal claim. If the plaintiff

believes that he was harmed when he received his influenza vaccine, he may file a petition with the U.S. Court of Federal Claims and follow the appropriate process for submitting a claim with the National Vaccine Injury Compensation Program. See National Vaccine Injury Compensation Program, HRSA.GOV, https://www.hrsa.gov/vaccine-compensation (last reviewed Sept. 2025).

The plaintiff's remaining allegations—that the defendants have laundered money, funded drug-trafficking organizations and gangs and provided drugs, cellphones and firearms to incarcerated persons "around the world"—are not credible. Although the court must construe the allegations in the complaint as true at the screening stage, it is not required to credit assertions that are "unbelievable" or "incredible." Gladney v. Pendleton Correctional Facility, 302 F.3d 773, 774 (7th Cir. 2002). Even if these allegations were true, the plaintiff has not explained how these actions violated *his* rights or provided *him* a basis to file a lawsuit under §1985(3) or any federal law.

The court will dismiss the complaint because it does not state a claim for relief. District courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, but the court retains "broad discretion to deny leave to amend the pleadings where the amendment would be futile." Esco v. City of Chicago, 107 F.4th 673, 683 (7th Cir. 2024) (citing Russell v. Zimmer, Inc., 82 F.4th 564, 572 (7th Cir. 2023)). The court finds that additional factual allegations would not save the plaintiff's complaint from dismissal, so the court will not allow him an opportunity to amend his complaint.

## II. Conclusion

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).[1]

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the full **$405** filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Waupun Correctional Institution, where the plaintiff is incarcerated, and will email a copy to DLSFedOrdersEastCL@doj.state.wi.us.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by

---

[1] This is the plaintiff's second strike. See McGhee v. Garland, *et al.*, Case No. 24-cv-435-jps (dismissed Nov. 14, 2024, for failure to state a claim).

filing in this court a notice of appeal within **thirty days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in *this court*. See Fed. R. App. P. 24(a)(1). The Court of Appeals may assess the plaintiff another "strike" if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **twenty-eight days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 20th day of October, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**